Danny Yadidsion, Esq., SBN 260282
Noël Harlow, Esq., SBN 256124
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Noel.Harlow@LaborLawPC.com
Calendar@LaborLawPC.com

Attorneys for Plaintiff
MARTHA HASSLER,
on behalf of the putative class and aggrieved employees

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA HASSLER, on behalf of the putative class and aggrieved employees,<br><br>        Plaintiffs,<br><br>   v.<br><br>FUTURES EXPLORED, INC., a California Non-Profit Corporation; and DOES 1-50, Inclusive,<br><br>        Defendants. | CASE NO.: 24-cv-07140-MMC<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES<br><br>1. Failure to Pay Overtime Wages<br>2. Failure to Pay Minimum Wages<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Rest Periods<br>5. Failure to Furnish Timely and Accurate Wage Statements<br>6. Failure to Pay All Compensation Due Upon Discharge<br>7. Failure to Reimburse Business Expenses<br>8. Unfair Competition<br>9. Private Attorneys General Act<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff MARTHA HASSLER ("Plaintiff" or "Ms. Hassler"), on behalf of herself and all other persons similarly situated, submits this Complaint against Defendant FUTURES EXPLORED, INC. ("FEI"), a California non-profit corporation doing business in California; and

DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

**<u>INTRODUCTION</u>**

1.     This is a class action under California Code of Civil Procedure ("Cal. Civ. Proc. Code") § 382 seeking damages for unpaid wages and unreimbursed business expenses, failure to provide accurate itemized wage statements, and all compensation due upon termination, penalties, interest, and other equitable relief, and reasonable attorneys' fees and costs under California Labor Code ("Labor Code") §§ 226 (e), 226.2, 226.7, 510, 512, 558, 1194, 1194.2, 2802, and 201-203 and IWC Wage Order ("Wage Order") No. 4-2001 §§ 4 and 12, No. 5, Cal. Civ. Proc. Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code ("Bus. & Prof. Code") §§ 17200 *et seq.*

2.     This is also a representative action brought by Plaintiff, as a representative of the State of California and the Labor & Workforce Development Agency ("LWDA"), and on behalf of Plaintiff and other aggrieved employees, to collect civil penalties for Defendants' Labor Code violations.

3.     Plaintiff brings this action on behalf of herself and all other similarly situated individuals – *all non-exempt employees currently and formerly employed by Defendants* (the "Class Members") – in the State of California from four years prior to the filing of this Complaint through to the trial date ("Class Period"). Defendants' violations of California's wage and hours laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, and are continuing at present.

4.     During the Class Period, Plaintiff and Class Members were non-exempt employees as defined under the Labor Code and were entitled to receive all wages owed and either regular meal and rest breaks or premium pay for time worked during overtime, meal breaks, and rest breaks. Plaintiff and Class Members were also entitled to receive regular, accurate itemized wage

statements reflecting the total amount of money which they were owed, and the accurate name of the company employing them.

5.      In particular, during the one-year period prior to the filing of this Complaint through to the trial date ("Wage Statement Class Period"), Defendants knowingly and intentionally failed to provide Class Members with accurate itemized wage statements ("Wage Statement Subclass"), in violation of Labor Code §§ 226 (a) and 226.2. Defendants did so by providing wage statements with inaccurate payment amounts, owing to the failure to pay all wages for all hours worked and to the failure to pay premium and meal and rest break pay.

6.      Additionally, During the relevant time period, Defendants failed to pay minimum wages to Plaintiff and similarly situated employees for all hours worked, including, but not limited to, travel time to job sites and travel time to other job locations.

7.      During the relevant time period, Defendants failed to reimburse Plaintiff and similarly situated employees for work-related expenses, including reasonable personal cellular phone expenses, personal vehicle expenses, personal tool expenses, and other travel-related expenses.

8.      In addition, this action is brought on behalf of a subclass comprised of Plaintiff and Class Members formerly employed by Defendants ("Waiting Time Penalty Subclass Members"). During the "Waiting Time Penalty Subclass Period" – designated as three years prior to the filing of the Complaint through to the trial date – Defendants failed to pay all compensation due and owing to Waiting Time Penalty Subclass Members upon discharge from employment in violation of Labor Code §§ 201-203.

9.      As a result of the above Labor Code violations, Defendants committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

//

//

//

1

**PARTIES**

2      10.    Plaintiff is and at all times relevant hereto worked for Defendant in Contra Costa

3  County and was a resident of the Contra Costa, California.

4      11.    Defendant FEI is a California non-profit corporation headquartered in Concord,

5  California and does business and employs individuals in the Contra Costa, California.

6      12.    Defendant FEI is an employer within the meaning of California Government Code

7  ("Government Code") §§ 12926 (d), 12940 (a), (i), (j), (l), (m), and (n), and 12950, and regularly

8  employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

9      13.    The true names and capacities, whether individual, corporate, associate, or

10  otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at

11  this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave

12  to amend this Complaint to insert the true names and capacities of said Defendants when the same

13  become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of

14  the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is

15  therefore liable to Plaintiff as alleged hereinafter.

16      14.    Plaintiff is informed and believes, and based thereupon alleges, that at all times

17  relevant hereto, Defendants, and each of them, were the agents, employees, managing agents,

18  supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of

19  the other Defendants, and each of them, and in doing the things alleged herein, were acting at least

20  in part within the course and scope of said agency, employment, conspiracy, joint employment,

21  alter ego status, and/or joint venture and with the permission and consent of each of the other

22  Defendants.

23      15.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants,

24  and each of them, including those Defendants named DOES 1-50, acted in concert with one

25  another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or

26  coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is

27  further informed and believes, and based thereupon alleges, that the Defendants, and each of them,

28  including those Defendants named as DOES 1-50, formed and executed a conspiracy or common

plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

16.    Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

17.    Plaintiff has filed a complaint under Government Code §§ 12940 *et seq*., the California Fair Employment and Housing Act ("FEHA"), with the California Civil Rights Department and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

18.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant FEI and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

19.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants, including, but not limited to because:

    a.    Defendants are completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

    b.    DOES 1-50 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

    c.    Plaintiff is informed and believes that Defendants and DOES l-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.      Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

20.      Accordingly, Defendants constitute the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

21.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

## JURISDICTION AND VENUE

22.      This Court has jurisdiction over Plaintiff's claims under Government Code §§ 12940 *et seq*. This Court is the proper Court, and this action is properly filed in the County of Contra Costa pursuant to Cal. Civ. Proc. Code §§ 395 (a) and 395.5 because Defendant FEI maintains offices and transacts business within Contra Costa County, California.

//

//

1

## **FACTUAL ALLEGATIONS**

2      23.    FEI is a non-profit California corporation that was founded and incorporated in

3   1964 in Lafayette, California, in the county of Contra Costa. As written in FEI's Policies,

4   Procedures, and Information Manual, its mission "is to provide life skills and work-related training

5   to adults with developmental disabilities." According to its website, FEI offers programs and

6   services in areas of community connections, employment and education, film and media, and

7   personal wellness. It boasts more than 58 years of "creating equitable access to relevant programs,

8   supports, and advocacy," with 9,000 adults with intellectual/developmental disabilities served

9   since [its] inception," referred to as "participants", and more than 150 "staff members supporting

10  participants across five counties in Northern California."

11                        ***Plaintiff's Employment at FEI***

12      24.    On January 8, 1997, Plaintiff started her employment with FEI as a Direct Support

13  Professional. Defendants hired her in a full-time, non-exempt position, with regular scheduled

14  working hours of forty (40) hours per week, eight (8) hours per day. As part of her duties, Plaintiff

15  provided support in the areas of development of client friendships, teaching core capacities and

16  life skills such as money management, transportation, independence building, focusing on

17  individual strengths and capabilities, researching community activities, events, and destinations,

18  planning trips to desired locations, and attending outings.

19      25.    Part of Plaintiff's and Class Members specific duties were to act as an advocate for

20  participants to promote and protect the rights of participants, ensuring that individuals are treated

21  with dignity and respect, and to support participants own advocacy and self-advocacy to meet their

22  needs. Defendants also designated Plaintiff as "staff-in-charge" for direct service staff and

23  provided them support, training, and supervision in their professional development.

24      26.    Later, in her role as a Community Support Leader III, Plaintiff performed all of the

25  duties listed above, in addition to driving company vehicles to transport participants and provide

26  services.  Plaintiff also used her personal cell phone and vehicle for various tasks, including

27  communicating with her coworkers regarding work related activities, transporting participants to

28  outings, traveling to work sites and community locations, substituting at other locations, attending

meetings and trainings, and running errands as needed. However, Plaintiff was not reimbursed for mileage, fuel, maintenance, or any other expenses incurred in connection with the use of her personal vehicle for these work-related activities.

27.    On top of the foregoing, Plaintiff and the Class Members regularly performed compensable tasks off-the-clock without receiving compensation. Specifically, they were required to receive two (2) *COVID-19* vaccinations, each taking approximately one (1) hour, and were expected to use their personal cell phones three times a week to coordinate outings for program participants the following day. These calls, which took about 15 minutes each, were made on their personal phones and that time went uncompensated, which added up to at least 45 minutes each week of uncompensated time.

28.    Additionally, Plaintiff and other Class Members performed "In-Home Only" duties, providing personal care to participants in areas such as eating, dressing, restrooming, and positioning. Often Plaintiff and Class Members could not abandon their clients to leave exactly when their eight-hour shift was over, but FEI nonetheless instructed Plaintiff and Class Members to report eight hours even when they worked longer.

29.    During the relevant time period, Defendants did not provide Plaintiff and similarly situated employees meal and rest periods or corresponding penalties.

30.    During the relevant time period, Defendants did not compensate Plaintiff and similarly situated employees for all hours worked, including, but not limited to, travel time to job site and other job locations.

31.    Defendants failed to issue accurate and itemized wage statements to Plaintiff and similarly situated employees.

32.    Defendants failed to timely pay Plaintiff and similarly situated employees all wages owed during their employment, including payment of overtime.

33.    During the relevant time period, Defendants failed to reimburse Plaintiff and similarly situated employees for work-related expenses, including personal cellular phone expenses, personal vehicle expenses, and other travel-related expenses

34.     Defendants failed to timely pay Plaintiff and similarly situated employees all wages owed upon termination of their employment as a result of these failures.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the Class and Waiting Time Penalty Subclass. Upon information and belief, the members of the Class and Waiting Time Penalty Subclass are so numerous that joinder of all members is impractical.

36.     Plaintiff's claims are typical of the claims of the members of the Class and Waiting Time Penalty Subclass because she was an employee of Defendants who was (a) not paid for all hours worked, including for required off the clock work; (b) not paid any premium overtime pay for the duration of her employment with Defendants; (c) was not paid a premium rate for denied meal and rest breaks for the duration of her employment with Defendants; (d) was not reimbursed for business expenses; (e) was provided with inaccurate wage statements which provided inaccurate sums of money to be paid to Plaintiff; and (f) was not paid all wages due at termination.

37.     Plaintiff will fairly and adequately represent the interests of the members of the Class and Waiting Time Penalty Subclass. Plaintiff has no conflict of interest with any member of the Class and Waiting Time Penalty Subclass. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the members of the Class and Waiting Time Penalty Subclass.

38.     Common questions of law and fact exist as to all members of the Class and the Waiting Time Penalty Subclass and predominate over any questions solely affecting individual members of the Class and Subclass. Among the questions of law and fact common to the Plaintiff and the Class and Subclass are the following:

      i.     Whether the Class Members are non-exempt employees, entitled to at least minimum wage for all hours worked, entitled to overtime, entitled to paid off-duty rest and meal breaks, and/or entitled to separate and hourly premium pay for their time spent working on meal and rest breaks;

ii.   Whether Defendants violated Labor Code §§ 226 (a) and 226.2 by failing to issue accurate itemized wage statements to Wage Statement Subclass Members;

iii.  Whether Defendants' violation of Labor Code § 226 (a) was knowing and intentional;

iv.   Whether Wage Statement Subclass Members suffered injury for the purposes of Labor Code § 226 (e);

v.    Whether Defendants violated Labor Code § 203 by failing to pay Waiting Time Penalty Subclass for all of their wages due to them upon separation of their employment, including the wages owed to them for Defendants' failure to provide meal periods;

vi.   Whether Defendants violated Labor Code §§ 226.7, 512, and 516 by failing to provide meal and rest periods or their corresponding penalty.

vii.  Whether Defendants violated Labor Code §§ 201, 202, and 203 by their failure to pay Plaintiff and Class Members who were no longer employed by Defendants compensation due upon termination;

viii. Whether these violations constitute unfair, unlawful, and fraudulent business practices, in violation of UCL;

ix.   Whether Plaintiff and Class Members are entitled to restitution under Bus. & Prof. Code § 17200 *et seq.* for uncompensated wages, unpaid premium pay, and unreimbursed cell phone business expenses;

x.    The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class and Subclass Members; and

xi.   Whether the Class is entitled to declaratory relief.

39.   Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would

preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

40.     Defendants' actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

41.     Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## PAGA ALLEGATIONS

42.     This action is brought on behalf of Plaintiff and similarly-situated employees at all of Defendants' California locations to recover penalties for Defendants' failure to pay minimum wages and overtime, failure to provide meal and rest breaks and/or pay meal and rest break premiums, failure to provide timely and accurate wage statements, failure to pay all compensation owing upon discharge, failure to pay wages for all hours worked, and failure to reimburse employees for necessary expenditures. Plaintiff seeks to stand in as a representative pursuant to the California Private Attorneys General Act ("PAGA") and recover civil penalties for these violations.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES

43.     Plaintiff re-alleges, on behalf of herself and Class Members, each and every paragraph of this Complaint as though fully set forth.

44.     At all times relevant to this action, Plaintiff was employed by Defendants.

45.     At all times relevant to this action, Defendants were an employer who regularly employed five or more persons within the meaning of Government Code § 12926 (d).

46.     Sections 510 and 558 of the Labor Code and applicable Wage Orders entitle non-exempt employees to overtime premiums for hours worked in excess of eight (8) in a given day, forty (40) in a given workweek, or on the seventh day worked in a single workweek. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

47.     Section 1194 (a) of the Labor Code likewise provide that an employee who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorneys' fees and costs of suit.

48.     In this case, Defendants required Plaintiff and the Class to regularly perform compensable tasks off-the-clock for which they did not receive any compensation.

49.     Plaintiff worked in excess of 8 hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay Plaintiff the proper overtime compensation.

50.     As a result of these violations, Defendants are liable for unpaid overtime wages, interest thereon, and attorneys' fees and costs.

51.     Plaintiff also requests relief as described below.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

52.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

53.     Pursuant to Labor Code §§ 1194 and 1197, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

54.     Plaintiff and Class Members regularly worked "off the clock" as required by Defendants. However, during the relevant time period, Plaintiff and the Class Members were not paid all wages owed when Defendants did not pay minimum wage for all hours worked by, among other things: failing to pay Plaintiff and Class Members for all hours worked during the workday, requiring, permitting, or suffering Plaintiff to work through meal and rest breaks; failing to

1    properly maintain Plaintiff's records; failing to provide accurate itemized wage statements to
2    Plaintiff for each pay period; and other methods to be discovered.

3        55.    Defendants' conduct described herein violates Labor Code §§ 1194 and 1197 and
4    IWC Wage Orders.

5        56.    As a proximate result of the aforementioned violations, Plaintiff has been damaged
6    in an amount according to proof at trial. Therefore, pursuant to Labor Code §§ 1194, 1194.2, 1197,
7    and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff
8    is entitled to recover all wages earned and due, plus interest, liquidated damages, penalties,
9    attorney's fees, expenses, and costs of suit.

10       57.    Plaintiff is informed and believes and thereon alleges that the actions of
11   Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior
12   approval, consent, and authorization of all other Defendants and were subsequently authorized and
13   ratified by them as well as by and through their officers, directors, and/or managing agents.

14                            **THIRD CAUSE OF ACTION**

15                      **FAILURE TO PROVIDE MEAL PERIODS**

16       58.    Plaintiff re-alleges, on behalf of herself and the Class Members, each and every
17   paragraph of this Complaint as though fully set forth.

18       59.    Defendants failed to provide meal periods as required by Labor Code §§ 226.7 and
19   512 and Wage Order No. 5. Plaintiff and Class Members worked in excess of five hours a day
20   without being provided at least half hour meal periods in which they were relieved of their duties,
21   as required by Labor Code §§ 226.7 and 512 and Wage Order No. 5. See *Brinker Restaurant Corp.,*
22   *et al. v. Superior Court* (2012) 53 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation
23   if it relieves its employees of all duty, relinquishes control over their activities and permits them a
24   reasonable opportunity to take an uninterrupted 30–minute period, and does not impede or
25   discourage them from doing so . . . [A] first meal period [is required] no later than the end of an
26   employee's fifth hour of work, and a second meal period [is required] no later than the end of an
27   employee's 10th hour of work.").

28

60.    Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code §§ 226.7 and 512 and Wage Order No. 5, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Proc. Code § 1021.5.

61.    Plaintiff, on behalf of herself and Class Members, also requests further relief as described below.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

62.    Plaintiff and the Class Members re-allege and incorporate by reference all of the allegations set forth in this Complaint.

63.    Defendants failed to provide the rest periods that are required by Wage Order No. 5. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

64.    Because Defendants failed to provide proper rest periods, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 5, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Proc. Code § 1021.5.

65.    Plaintiff, on behalf of herself, aggrieved employees, and Class Members, also requests relief as described below.

**FIFTH CAUSE OF ACTION**

**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**

66.    Plaintiff re-alleges, on behalf of herself and Class Members, each paragraph of this Complaint as though fully set forth.

67.    In violation of Labor Code § 226 (a), Defendants did not provide Plaintiff or Class Members with accurate itemized wage statements in writing showing: (1) all applicable hourly

rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the employee identification or social security number; and, (8) the name and address of the legal entity that is the employer.

68.    As a result of Defendants' failure to provide accurate itemized wages statements, Plaintiff and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.

69.    Defendants knowingly and intentionally failed to comply with Labor Code § 226 (a) when they engaged in a uniform practice of refusing to maintain and provide the accurate records and wage statements required by California law.

70.    Pursuant to Labor Code § 226 (e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

71.    Plaintiff and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226 (h).

72.    Plaintiff, on behalf of herself and Class Members, also requests relief as described below.

### SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL COMPENSATION DUE UPON DISCHARGE

73.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

74.    Under Labor Code §§ 201, 202, and 203, Defendants are obligated to pay all earned and unpaid wages to an employee who is discharged. Labor Code § 201 specifically mandates that when an employer discharges an employee, the employee's accrued and unpaid wages are due and payable immediately. Labor Code § 202 requires that Defendants pay all accrued wages to an

employee who quits no later than seventy-two (72) hours after the employee's resignation, unless the employee has provided 72 hours' prior notice of their intention to quit, in which case the wages are due at the time of resignation. According to Labor Code § 203, if an employer willfully fails to pay an employee's wages in a timely manner following discharge or resignation, as required by Labor Code §§ 201 and 202, the employer is liable for waiting time penalties. These penalties consist of continued compensation at the employee's regular rate for up to thirty (30) workdays.

75.    Here, Plaintiff and the Class Members were discharged and/or resigned from Defendants' employ and Defendants willfully failed to pay Plaintiff and the Class wages due them for overtime, minimum wages, meal/rest breaks and sick pay not properly afforded in accordance with Labor Code §§ 201 and 202. In addition, Plaintiff was terminated by Defendants on January 9, 2024. However, Plaintiff's last paystub is dated January 24, 2024, for the pay period through January 15, 2024. Plaintiff's last paycheck did not include any waiting time penalties.

76.    Defendants willfully failed to pay Plaintiff and Class Members who are no longer employed by Defendants compensation due upon termination as required by Labor Code §§ 201 and 202. As a result, Defendants are liable to Plaintiff and Waiting Time Class Members waiting time penalties provided under Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

77.    Plaintiff, on behalf of herself and Class Members, also requests relief as described below.

## SEVENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

78.    Plaintiff and the Class Members re-allege and incorporate by reference all of the allegations set forth in this Complaint.

79.    Labor Code § 2802 requires employers to reimburse employees for all reasonable business expenses incurred by employees as a condition of employment.

80.    Plaintiff and Class Members were required to pay for work-related expenses (*e.g.*, cell phone usage) to coordinate outings for program participants, and they incurred expenses as a result. Defendants unlawfully refused to reimburse Plaintiff and Class Members for these expenses.

81.    As a result of these violations, Defendants are liable for damages related to these unreimbursed expenses.

82.    Plaintiff, on behalf of herself and Class Members, also requests relief as described below.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITON

83.    Plaintiff and the Class re-allege and incorporate by reference all of the allegations set forth in this Complaint.

84.    Pursuant to IWC Wage Order No. 4, Defendants were the employer of Plaintiff and the Class. Defendants also refer to "person" as defined in Bus. & Prof. Code § 17021.

85.    The Bus. & Prof. Code defines unfair competition as any unlawful, unfair, or fraudulent business practice. At all times relevant herein, by and through the conduct described herein, Defendants have engaged in unfair and unlawful practices by failing to: (1) pay overtime wages; (2) pay minimum wages; (3) pay premium pay for meal breaks not properly afforded; (4) pay premium pay for rest breaks not properly afforded; (5) furnish Plaintiff and the Class with accurate itemized wage statements; (6) pay Plaintiff and the Class wages due when leaving their employ; and (7) reimburse business expenses, all in violation of Bus. & Prof. Code §§ 17200 *et seq*.

86.    By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property, money, and services from the Plaintiff and the Class and have deprived them of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiff and the Class.

*87*.    All the acts described herein are violations of, among other things, the Labor Code and IWC Wage Order No. 4, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Bus. & Prof. Code §§ 17200 *et seq.*

88.    Plaintiff and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff

and the Class have been deprived by means of the above-described unfair and unlawful business practices.

89.    Plaintiff and the Class are further entitled to, and do, seek a declaration that the above-described business practices are unfair and unlawful, and that injunctive relief should be issued restraining Defendants from engaging in any of the above described unfair and unlawful business practices in the future.

90.    Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendants. As a result of the unfair and unlawful business practices described above, Plaintiff and the Class have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendants should be required to disgorge the unpaid moneys to Plaintiff and the Class.

## NINTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT

91.    Plaintiff incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the CLASS ACTION ALLEGATIONS paragraph and the subparagraphs thereto above.

92.    Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699 (c), and a proper representative to bring a civil action on behalf of other current and former employees of Defendants pursuant to the procedures specified in Labor Code § 2699.3, because Plaintiff was employed by Defendants and the alleged violations of the Labor Code were committed against Plaintiff.

93.    Pursuant to the PAGA, Labor Code §§ 2698-2699.5, Plaintiff seeks to recover civil penalties, including but not limited to penalties under Labor Code §§ 2699, 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 1199 and IWC Wage Orders from Defendants in a representative action for violations set forth above, including but not limited to violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558,1174, 1194, 1194.2, 1197, 1197.1, 1198 and 2802. Plaintiff is also

1    entitled to an award of reasonable attorney's fees and costs pursuant to Labor Code § 2699 (g)
2    (1).

3        94.    As an aggrieved employee, Plaintiff brings this civil action on behalf of herself and
4    other aggrieved employees who seek to recover penalties for failure to pay overtime, failure to
5    provide meal and rest breaks and/or pay meal and rest break premiums, failure to pay wages for
6    all hours worked, failure to reimburse employees for necessary expenditures, failure to furnish
7    timely and accurate wage statements/payroll records, unlawfully withheld wages for meal and rest
8    period violations, unlawfully withheld wages for overtime work, waiting time penalties, violation
9    of regular rate of pay, and violation of other California laws, as well as other statutory penalties
10    and damages owed to Plaintiff by Defendants.

11        95.    Defendants violated California Minimum Wage Order (MW-2014), Labor Code §§
12    1194, 201, 202, 203, 204, and 226.2 by not paying Plaintiffs' and other aggrieved employees
13    agreed upon wage and minimum wage for hours worked after the finish time of the workday. Labor
14    Code § 1194 states that any employee receiving less than the legal minimum wage is entitled to
15    recover in a civil action the full amount of this minimum wage, including interest thereon,
16    reasonable attorney's fees, and costs of suits. Labor Code section 1194.2 states that in any action
17    under section 1194 to recover wages because of the payment of a wage less than the minimum
18    wage an employee shall be entitled to recover liquidated damages in an amount equal to the wages
19    unlawfully paid and interest thereon. All of the above violations were suffered by Plaintiff and
20    Class Members at all of Defendants' locations in California during the PAGA Period.

21        96.    Defendants violated Labor Code §§ 201, 202, 203, and 204 and is subject to
22    sections 218.5, and 218.6. Labor Code § 201 provides that if an employer discharges an employee,
23    the employee's wages that have been earned and are unpaid at the time of discharge shall be paid
24    immediately. Labor Code § 202 provides that if an employee quits, his or her wages become due
25    not later than 72 hours thereafter or if an employee gives 72 hours previous notice of his or her
26    intention to quit the employee's wages are due at the time of quitting. Labor Code § 203 provides
27    that if the employer willfully fails to pay any wages of an employee who is discharged or who
28    quits, the employee's wages shall continue as a penalty from the due date of the payment of the

wages, at the same rate, until such wages paid or an action commenced, but not more than 30 days. Labor Code § 218.5 provides that the court shall award attorneys' fees and costs to the prevailing party in an action for nonpayment of wages. Labor Code § 218.6 provides that in an action for nonpayment of wages, court shall award interest on all due and unpaid wages.

97.    Defendants did not pay Plaintiff and all similarly-situated employees' wages due when Defendants terminated their employment or within 72 hours of when the similarly-situated employees resigned.  Defendants willfully failed and refused, and continue to willfully refuse, to timely pay compensation and wages, including overtime pay; and payments for meal and rest periods not provided. As a result, Defendants are liable for the amount of wages due, interest, and waiting time penalties, any other statutory penalties, other damages, together with attorneys' fees and costs. All of the above violations were suffered by Plaintiff and similarly-situated employees at all of Defendants' locations in California on a daily basis during the PAGA Period.

98.    Defendants have violated Labor Code § 510 and are subject to Labor Code § 1194 and other relevant Labor Code §§ such as 226.7, 1194, 1194.2, 1194.3, 1197, 1198, and other pertinent sections of the Labor Code. Labor Code § 510 provides that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee and any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. Labor Code § 1194 provides that any employee who receives less than the legal overtime compensation due said employee is entitled to recover in a civil action the full amount of the overtime compensation, interest on said compensation, and reasonable attorneys' fees and costs of suit. Defendants have violated the Labor Code section by not paying Plaintiff and all similarly-situated employees rightfully earned overtime pay for their working more than 8 and 12 hours per day and more than 40 hours per week on a daily and weekly basis. As a result of Defendants' failure to pay Plaintiff's rightfully earned overtime pay, Defendants are liable for all back overtime pay, waiting time penalties, and any other penalties imposed by the Labor Code which include but are not limited to, interest, and attorneys' fees and costs. All of the above violations were suffered by Plaintiff and similarly-

situated employees at all of Defendants' locations in California on a daily basis during the PAGA Period.

99.     Defendants violated Labor Code §§ 226.7 and 226.2 by not providing Plaintiff and all similarly-situated employees with a legally required ten-minute rest period during each four-hour segment of work. Defendants further violated Labor Code §§ 226.7 and 512 by not providing Plaintiff with a meal period of not less than 30 minutes for each work period of more than five hours per day and a second meal period of not less than 30 minutes for a work period of more than 10 hours day. Defendants are liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the required rest periods were not provided and one hour of additional pay at the regular rate of compensation for each day that the required meal periods were not provided. Defendants are also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 in the amount of $50.00 for each pay period during which Plaintiff and similarly situated employees were not provided required rest and meal periods for the initial violation; and $100.00 for each pay period during which Plaintiff and similarly situated employees was not provided required rest and meal periods for each subsequent violation. All of the above violations were suffered by Plaintiff and similarly-situated employees at all of Defendants' locations in California on a daily basis during the PAGA Period.

100.     Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and all similarly-situated employees for necessary expenses or losses incurred in direct consequence of the discharge of their duties. Labor Code § 2802 provides that "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful; (b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss; (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to,

attorney's fees incurred by the employee enforcing the rights granted by this section; (d) In addition to recovery of penalties under this section in a court action or proceedings pursuant to Section 98, the commissioner may issue a citation against an employer or other person acting on behalf of the employer who violates reimbursement obligations for an amount determined to be due to an employee under this section. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the commissioner shall be the same as those set forth in Section 1197.1. Amounts recovered pursuant to this section shall be paid to the affected employee." Defendants are therefore liable to Plaintiff and similarly-situated employees for reimbursement of the necessary business expenses that they incurred in the discharge of their duties.

101.    Defendants violated Labor Code §§ 226 and 510 in relation to the regular rate of pay of Plaintiff and other aggrieved employees, and for failing to include all compensation required to be included in the regular rate under California law. The regular rate of pay includes all compensation that an employee earns, including not only their hourly wage but also other forms of compensation such as bonuses, commissions, certain types of premiums, and certain non-discretionary payments. Labor Code requires that all forms of compensation be included in the regular rate calculation unless specifically excluded by law. By not including all wages earned by Plaintiff and other aggrieved employees, the regular rate of pay reflected in their wage statements were inaccurate and lacking, hence a violation of the Labor Code. All of the above violations were suffered by Plaintiff and other aggrieved employees at all of Defendant's locations in California on a daily basis during the PAGA Period.

102.    Labor Code § 226 (a) requires employers to furnish each employee with an accurate statement, which includes but is not limited to, gross wages earned, the total numbers of hours worked, and the net wages earned. Labor Code § 226 (e) provides that if an employer fails to provide a statement complying with § 226 (a), then the employee is entitled to recover the greater of actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00, Defendants failed to furnish and continue to intentionally furnish Plaintiff and all similarly-situated employees with timely, itemized statements that meet the requirements of Labor

Code § 226 (a) because those statements failed to include an accurate itemization of the employees' meal/rest breaks, hours worked, wages paid, including wages due for work after the finish of the workday, and overtime rates. Defendants = are therefore liable for civil penalties pursuant to Labor Code sections 226.2, 226.3 and 2698 in the amount of $250.00 for the initial violation and $1,000.00 per subsequent violation. All of the above violations were suffered by Plaintiff and similarly-situated employees at all of Defendants' locations in California on a daily basis during the PAGA Period.

103.    As a proximate result of the aforementioned violations, Plaintiff and similarly-situated employees have been damaged in an amount according to proof at trial, and seek reimbursement for expenses paid for the benefit of Defendants, interest, penalties, expenses, and costs of suit.

104.    As required by law, Plaintiff sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code §§ 2698 *et seq.*

105.    Plaintiff has complied with all of the requirements set forth in Labor Code § 2699.3 to commence a representative action under PAGA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1.    Certification of Plaintiff's claims as a class action, pursuant to Cal. Code of Civ. Pro. § 382, on behalf of the proposed class;

2.    That the Court declare that Defendants' policies and/or practices of refusing to pay overtime and double time to Plaintiff and the Class Members violated California law;

3.    That the Court declare that Defendants' policies and/or practices of refusing to authorize meal breaks to Plaintiff and the Class Members violated California law;

4.    That the Court declare that Defendants' policies and/or practices of refusing to

authorize rest breaks to Plaintiff and the Class Members violated California law;

5.  That the Court declare Defendants' policies and/or practices of refusing to pay premium pay to Plaintiff and Class Members for missed meal/rest breaks violated California law;

6.  That the Court declare that Defendants' policies and/or practices of providing inaccurate itemized wage statements to Plaintiff and the Class Members violated California law;

7.  That the Court declare that Defendants' policies and/or practices of refusing to pay all wages due and owing to Plaintiff and the Waiting Time Class Members promptly upon termination violated California law;

8.  For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress;

9.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter;

10. For punitive damages pursuant to Civil Code § 3294 in amounts sufficient to punish Defendants for wrongful conduct alleged herein and to deter such conduct in the future;

11. For pre- and post-judgment interest;

12. For reasonable attorneys' fees and costs;

13. For penalties as required by law; and

14. For all such other and further relief that the court may deem just and proper.

//

//

1

Respectfully Submitted,

2

3    DATED:  February 13, 2025                LABOR LAW PC

4

5

6    By:_____

7    Danny Yadidsion, Esq.
     Noël Harlow, Esq.
8    Attorneys for Plaintiff
     MARTHA HASSLER,  on behalf of the
9    putative class and aggrieved employees

10

11                    **<u>DEMAND FOR TRIAL BY JURY</u>**

12        Plaintiff hereby demands a jury trial of all causes of action and claims with respect to

13   which Plaintiff has a right to jury trial.

14

15   DATED:  February 13, 2025                LABOR LAW PC

16

17   By:_____

18   Danny Yadidsion, Esq.
     Noël Harlow, Esq.
19   Attorneys for Plaintiff
     MARTHA HASSLER, on behalf of the
20   putative class and aggrieved employees

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

25

**PROOF OF SERVICE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**[C.C.P., §1013(a)]**

*Martha Hassler v. Futures Explored, Inc., et al.*
*United States Northern District Court Case Number: 3:24-cv-07140-MMC*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is Keyt.Feraren@laborlawpc.com.

On February 13, 2025, I served the following document:

**SECOND AMENDED COMPLAINT FOR DAMAGES**

on the interested parties in this action as follows:

**Attorneys for Defendant Futures Explored, Inc.**

**O'HAGAN MEYER LLP**
Vincent Fisher
Eleno Nunez Gonzalez
One Embarcadero Center, Suite 2100
San Francisco, California 94111
VFisher@ohaganmeyer.com
EGonzalez@ohaganmeyer.com

(XX)    (BY CM/ECF NOTICE OF ELECTRONIC FILING) I electronically filed the document(s) with the Clerk of Court by using CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on February 13, 2025

(X)    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____Keyt Feraren____                          _____/s/ Keyt Feraren_____
Print Name                                              Signature